IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LUMEE, LLC,<br><br>        Plaintiff,<br><br>        v.<br><br>TY-LITE, LLC<br><br>        Defendant. | CASE NO.:<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff LuMee, LLC ("LuMee") brings this action for patent infringement of United States Patent No. 9,464,796 against Defendant Ty-Lite, LLC ("Ty-Lite"), and by and for its Complaint (the "Complaint") alleges as follows:

### PARTIES

1. Plaintiff LuMee is a Delaware limited liability corporation having an office at 1776 Park Ave, Park City, Utah.

2. Upon information and belief, Defendant Ty-Lite is a New Jersey corporation with its principal place of business at 43 Cider Hill, Upper Saddle River, New Jersey.

### JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the patent laws of the United States of America, Title 35, United States Code.

4. This court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), because this action arises under the patent laws of the United States, including 35 U.S.C. §§ 1 *et seq.*

5. Upon information and belief, the Court has personal jurisdiction over Ty-Lite because specific acts of infringement occurred within this judicial district.

6. Upon information and belief, Ty-Lite is subject to the specific personal jurisdiction of this Court because LuMee's claims for patent infringement against Ty-Lite arise from Ty-Lite's acts of infringement in the State of Delaware. Upon information and belief, these acts of infringement include selling infringing products in the State of Delaware, placing infringing products into the stream of commerce through an established distribution channel with full awareness that substantial quantities of the products have been shipped into the State of Delaware, and operating an interactive website facilitating the sale of infringing products in the State of Delaware. Therefore, this Court has personal jurisdiction over Ty-Lite under the Delaware long-arm statute, Del. Code. Ann. Tit. 3, § 3104.

7. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b). Upon information and belief, Ty-Lite has engaged in acts of infringement in the State of Delaware as described above sufficient to subject it to personal jurisdiction in this District.

## FACTS

### *The Parties*

8. LuMee was the first to market with original and novel illuminating cell phone cases.

9. LuMee's products have been offered and sold under the LuMee brand name in the United States and elsewhere around the world for several years.

10. LuMee has established tremendous goodwill and is a leader in the industry.

11. Ty-Lite is a seller of illuminating cell phone cases.

12.     Ty-Lite has offered for sale and sold illuminating cell phone cases through online retail outlets such as Amazon.com and through its website at https://ty-lite.com/shop/.

### *The '796 Patent*

13.     On October 11, 2016, United States Patent No. 9,464,796 (the "'796 Patent") for "Illumination Device" was legally issued by the United States Patent and Trademark Office ("USPTO") to inventors Allan Shoemake, William Winter, Juan Fernandez, Paul McGrath, and Juan David Londono Restrepo. A copy of the '796 Patent is attached hereto as Exhibit A.

14.     LuMee is the owner of the entire right, title, and interest in and to the '796 Patent. LuMee owned the '796 Patent throughout the period of Ty-Lite's infringing acts.

### *Patent Infringement*

15.     Ty-Lite has infringed, and is still infringing, the '796 Patent by making, using, offering to sell, selling and/or importing illuminating cell phone cases that embody the '796 Patent including, but not limited to, illuminating cell phone cases under the brand Ty-Lite Protective Lighted Case (the "Accused Products").

16.     Upon information and belief, the Accused Products are or were available, and are or were being offered for sale and sold, at the following websites:

    a.    https://ty-lite.com/shop/

    b.    https://www.amazon.com/Ty-Lite-863218000206-Protective-Lighted-Selfie/dp/B01B16H9M8/ref=sr_1_1/153-8316420-4739158?ie=UTF8&qid=1478116182&sr=8-1&keywords=ty-lite&refinements=p_89%3ATy-Lite

17.     Upon information and belief, Ty-Lite is or was responsible for the design, manufacture, and marketing of the Accused Products.

18. Upon information and belief, Ty-Lite sells Accused Products directly, and also sells Accused Products through third party stores and websites, including Amazon.com.

19. Ty-Lite has infringed, and is still infringing, the '796 Patent by making, using, offering to sell, selling, and/or importing illuminating cell phone case products that embody the '796 Patent including, but not limited to, the Accused Products.

20. The inventions covered by the '796 Patent are of great value to LuMee. Ty-Lite's infringing conduct has taken place within the United States without license or permission of LuMee, and it is believed that such activity will continue unless enjoined by this Court.

21. LuMee has suffered and will continue to suffer damages from the acts of infringement complained of herein.

*Notice of Patent Infringement*

22. Ty-Lite's infringement has been, and continues to be, willful and deliberate. Ty-Lite has been on constructive notice of the '796 Patent since at least as early as October 11, 2016, when the '796 Patent issued.

23. Ty-Lite has had actual notice of LuMee's patent portfolio, including U.S. Patent Publication No. 2015/0276187 (the "'187 Publication"), which issued as the '796 Patent, since at least as early as a letter dated January 14, 2016 from LuMee to Ty-Lite.

24. In a letter dated October 11, 2016, LuMee informed Ty-Lite that the '796 Patent issued, Ty-Lite infringed the '796 Patent, and further provided Ty-Lite with a copy of the '796 Patent.

25. Counsel for LuMee and counsel for Ty-Lite exchanged further correspondence without resolution.

26. Ty-Lite continues to sell the Accused Products despite an objectively high likelihood that their actions constitute infringement of the '796 Patent. Ty-Lite knew or should have known that its actions constituted infringement of the '796 Patent.

27. LuMee sells products in the United States that embody the '796 Patent, including under the brand name LuMee and at the website https://lumee.com/.

28. LuMee has complied with the statutory requirement of placing a notice of the Letters Patent on all cell phone cases that it manufactures and sells embodying the '796 Patent, and has given Ty-Lite written notice of infringement.

### COUNT I
### (Infringement of the '796 Patent)

29. LuMee repeats and incorporates by reference the previous paragraphs of this Complaint as if set forth in full herein.

30. The Accused Products infringe the '796 Patent because they include the claim limitations of the '796 Patent either literally or under the doctrine of equivalents.

31. Ty-Lite has infringed, and is still infringing, the '796 Patent by making, using, offering to sell, selling and/or importing cell phone cases that embody the '796 Patent including, but not limited to, the Accused Products. Ty-Lite will continue to infringe the '796 Patent unless enjoined by this Court.

32. In accordance with Claim 1 of the '796 Patent, for example, the Accused Products include an illumination device capable of being removably coupled to a computing device.

33. The Accused Products include a case sized to receive the computing device in a receiving area.

34. The Accused Products include at least one securement mechanism that retains the computing device in the receiving area.

35. The Accused Products include at least one light source, the at least one light source being covered by at least one light cover at least partially disposed on at least one nontransparent portion of the case.

36. The Accused Products include the at least one light cover modifies an appearance of light produced by the at least one light source, the at least one light cover being at least one of transparent or translucent.

37. The Accused Products include a light control mechanism configured to change an operative state and/or an intensity of the at least one light source.

38. The Accused Products include a power source operably coupled to the at least one light source.

39. Ty-Lite's infringement has irreparably injured LuMee and will continue to injure LuMee unless and until the Court enters an injunction prohibiting further infringement, and specifically enjoins further manufacture, use, offers for sale, sale and importation of Ty-Lite products that fall within the scope of the '796 Patent.

40. Ty-Lite's infringement of the '796 Patent has been and continues to be willful and deliberate.

41. Ty-Lite had actual notice of at least the '796 Patent and, despite that notice, Ty-Lite has persisted in infringing the '796 Patent. Ty-Lite acted despite an objectively high likelihood that their actions constitute infringement of the '796 Patent, and knew or should have known of the risk associated with their deliberate actions.

42. Ty-Lite's infringement has injured LuMee, and LuMee is entitled to recover damages adequate to compensate for such infringement, including, but not limited to, lost profits, a reasonable royalty award, treble damages, costs, pre and post judgment interest at the

maximum allowable rate, attorneys' fees, and such other and further relief this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, LuMee respectfully demands judgment against Ty-Lite, its subsidiaries, affiliates, agents, servants, employees, attorneys and all persons in active concert or in participation with them, granting LuMee the following relief:

(1) A judgment that Ty-Lite infringes and has infringed the '796 Patent;

(2) A permanent injunction prohibiting Ty-Lite from further acts of infringement of the '796 Patent;

(3) Damages sufficient to compensate LuMee for the infringement by Ty-Lite in an amount to be proved at trial, but in no event less than a reasonable royalty, together with prejudgment interest from the date infringement began;

(4) An award to LuMee of three times the amount of damages so determined, as provided for in 35 U.S.C. § 284;

(5) A finding that this case is "exceptional," and an award to LuMee of its costs and reasonable attorneys' fees, as provided in 35 U.S.C. § 285; and

(6) Such other and further relief as this Court or jury may determine to be proper and just.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), LuMee hereby demands a trial by a jury on all issues so triable.

Dated:  November 7, 2016

Respectfully submitted,

**DLA PIPER LLP (US)**

By: /s/ Denise S. Kraft
Denise S. Kraft (DE No. 2778)
Brian A. Biggs (DE No. 5591)
DLA PIPER LLP (US)
1201 North Market Street, Suite 2100
Wilmington, DE  19801-1147
Telephone:  302.468.5700
Facsimile:   302.394.2341
denise.kraft@dlapiper.com
brian.biggs@dlapiper.com

*Attorneys for Plaintiff LuMee, LLC*

**OF COUNSEL**:

Paul A. Taufer
Michael L. Burns
DLA Piper LLP (US)
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, PA 19103
Phone: (215) 656-3385
Fax: (215) 606-3385
paul.taufer@dlapiper.com
michael.burns@dlapiper.com

*Attorneys for Plaintiff LuMee, LLC*